IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| vs. | ) ) ) | NO. 09 C 7103 |
| HAMPSHIRE COUNTRY CLUB, INC., a New York Not-For-Profit Corporation, | ) ) ) | JUDGE SAMUEL DER-YEGHIAGAN |
| Defendant. | ) ) | |

**MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs, by and through their attorneys, default having been entered against the Defendant on January 21, 2010, request this Court enter judgment against Defendant, HAMPSHIRE COUNTRY CLUB, INC., a New York Not-For-Profit corporation. In support of that Motion, Plaintiffs state:

1. Section 1145 of ERISA provides that employers who are obligated to make contributions to a multi-employer plan, under the terms of a collectively bargained agreement, shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such a collectively bargained agreement. 29 U.S.C. § 1145. Furthermore, trustees of a multi-employer plan are required, as fiduciaries of that plan, to determine if the participants and beneficiaries are entitled to fringe benefits. Central States v. Central Transport, 472 U.S. 559, 571-572 (1985).

2. Section 1132(g)(2) of ERISA provides that the Funds are entitled to judgment:

(2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of–

        (I) interest on the unpaid contributions, or

            (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorneys fees and costs of the action, to be paid by the Defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the Plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S. C. §1132(g)(2).

3. As of December 9, 2009, Defendant is in default for its failure to answer or otherwise plead. On January 21, 2010, this Court entered default and according, the court is to take the allegations of the Plaintiffs' complaint as true. Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Hampshire, by its failure, to answer or otherwise plead has admitted that it is signatory to a collective bargaining agreement with the UNITE HERE Local 100 of New York and Vicinity, AFL-CIO. One of Hampshire's obligations under the agreement is to remit fringe benefit contributions to the Plaintiffs Health and Pension Funds. Defendant remitted reports to the Health and Pension

Funds for the period July through December 2009, but failed to make the requisite contributions, which Defendant acknowledges it owes. (Dailey Aff. ¶ 4(b)). For the period July through December 2009, based on it own reports, Defendant owes the following amounts (Id.):

|  |  |
|---|---|
| Welfare Fund | $ 47,874.65 |
| Pension Fund | $ 13,845.99 |

4. Defendant also owes interest, pursuant to the Trust Agreements, on the contributions reported and paid late, or remaining unpaid, for the period April 2009 through November 2009, accruing through January 21, 2010 in the following amounts (Dailey Aff. ¶ 5):

|  |  |
|---|---|
| Welfare Fund | $ 703.17 |
| Pension Fund | $ 468.63 |

5. Defendant also owes a liquidated damage surcharge, pursuant to the Trust Agreements, on the contributions reported and paid late, or remaining unpaid, in an amount equal to twenty percent (20%) of the unpaid contributions, in the following amounts (Dailey Aff. ¶ 6):

|  |  |
|---|---|
| Welfare Fund | $ 9,574.93 |
| Pension Fund | $ 2,769.20 |

6. Moreover, the Plaintiff Funds are entitled to an audit of Defendant's payroll books and records. The Funds requested those records from Defendant for the period January 1, 2006 through December 31, 2008 and Defendant failed to produce those records. (Dailey Aff. ¶ 7). The Plaintiffs have thus estimated amounts due for that time period based on the employees reported during that period and whether contributions were received on all employees. (Id.) As a result of their review, the Plaintiff Funds have determine that in 2007 and 2008, Defendant failed to report certain employees who continued to work for the employer and have estimated the amounts due as set forth below (Id.):

|   |   |
|---|---|
| Welfare Fund | $ 1,217.72 |
| Pension Fund | $ 474.28 |

7. In accordance with Section 1132(g)(2), of ERISA the Plaintiffs are entitled to judgment for the period April 2009 through December 2009 based on Defendant's own reports in the following amounts for both the Welfare and Pension Funds:

|   |   |
|---|---|
| Contributions | $ 61,720.64 |
| Liquidated Damages | $ 12,344.13 |
| Interest | $ 1,171.80 |

8. In addition, for the estimated audit period January 1, 2006 through December 31, 2008, Plaintiffs are entitled to the following amounts based on Defendant's reporting history:

|   |   |
|---|---|
| Contributions | $ 1,692.00 |

9. Also, in accordance with 1132(g) Plaintiffs are entitled to their attorneys' fees in the amount of $2,546.25 and costs in the amount of $539.29. (See affidavit of counsel, Laura M. Finnegan).

10. Based on the foregoing, Plaintiffs request judgment in the total amount of $80,014.11.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment in the amount of $80,014.11.

/s/ Laura M. Finnegan

Laura M. Finnegan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:   6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

# CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed the foregoing document (Motion for Entry of Judgment) with the Clerk of Court using the CM/ECF system, and further certifies that I have mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 26th day of January 2010:

> Hampshire Country Club, Inc.
> 1107 Cove Road
> Mamaroneck, NY   10543-4309

/s/   Laura M. Finnegan

Laura M. Finnegan
Attorney for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.:   6210637
Telephone: (312) 236-4316
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Hampshire Country Club\motion for entry of judgment.lmf.df.wpd